UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                )
                                      )   Case No. 17-05206
ANDERSON SHUMAKER COMPANY,            )   Chapter 11
                                      )   Judge Cassling
    debtor/debtor-in-possession.      )

## NOTICE OF MOTION

TO:   ATTACHED SERVICE LIST:

PLEASE TAKE NOTICE that on the 28th day of February, 2017 at 9:30 a.m. or as soon thereafter as counsel can be heard, I shall appear before the Honorable, Donald R. Cassling, Bankruptcy Judge, in the room usually occupied by him as courtroom 619 in the United States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in his place and stead and shall present the **Motion for Authority to Use Cash Collateral and For Related Relief**, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

AT WHICH TIME and place you may appear if you so see fit.

/s/Scott R. Clar
Crane, Heyman, Simon, Welch & Clar
135 S. LaSalle St., Suite 3705
Chicago, Illinois 60603
(312) 641-6777

## CERTIFICATE OF SERVICE

STATE OF ILLINOIS   )
                    )
COUNTY OF COOK      )

The undersigned, being first duly sworn on oath deposes and states that he caused a copy of the foregoing Notice and attached Motion to be served on all the parties listed on the attached service list via the Court's Electronic Registration/fax(as indicated) on the 23rd day of February, 2017, before the hour of 5:00 p.m.

/s/Scott R. Clar

## SERVICE LIST

**Court's Electronic Registration:**

United States Trustee
219 South Dearborn St., Suite 873
Chicago, IL 60604

Brian P. Collins
Pederson & Houpt
161 N. Clark St., #2700
Chicago, IL 60601-3242

**Via Fax:**

ADVANTAGE MACHINING
600 W. NEW YORK ST.
AURORA, IL 60506
(630) 897-7336

ALCOA - HOWMET
7335 SOLUTION CENTER
CHICAGO, IL 60677-7003
(231) 894-7354

CARLSON TOOL & MFG CORP
BIN 88361
MILWAUKEE, WI 53288-0362
(262) 396-1018

CRUCIBLE INDUSTRIES LLC
PO BOX 74398
CLEVELAND, OH 44194-4399
(315) 470-9358

DIMICK MACHINE REPAIR, LLC
2323 SEVENTH AVE.
LANSING, MI 48906
(517) 372-7837

ELECTRALLOY
PO BOX 2298
GRANT STREET
PITTSBURGH, PA 15230
(814) 678-4277

ELLWOOD GROUP, INC.
PO BOX 536400
PITTSBURGH, PA 15253-5906
(724) 658-6855

EXOVA
193 INTERNATIONAL BLVD
GLENDALE HGTS., IL 60139
(219) 885-6577

HAYNES INTERNATIONAL
35081 EAGLE WAY
CHICAGO, IL 60678-1350
(765) 456-6079

HOPKINS MACHINE CORP.
4242 W. DIVERSEY AVE.
CHICAGO, IL 60639
(773) 772-5733

INTEGRYS ENERGY-NATURAL GAS
PO BOX 5472
CAROL STREAM, IL 60197-5473
(800) 785-4374

LATROBE SPECIALTY METALS CORP
PO BOX 644180
PITTSBURGH, PA 15264-4181
(610) 736-6240

METALLURGICAL SERVICES INC
P O BOX 1097
MELROSE PARK, IL 60161-1098
(708) 343-3033

PROGRESSIVE STEEL TREATING
921 LAWN DRIVE
LOVES PARK, IL 61111
(815) 877-5286

REMELT SOURCES, INC.
PO BOX 72076
CLEVELAND, OH 44192
(216) 289-0939

RSM US LLP
5154 PAYSPHERE CIRCLE
CHICAGO, IL 60674
(847) 517-7067

UNIVERSAL STAINLESS & ALLOY
P. O. BOX 640594
PITTSBURGH, PA 15264-0595
(412) 257-7646

VALBRUNA STAINLESS, INC.
P. O. BOX 83185
CHICAGO, IL 60691-0186
(713) 676-1607

VDM METALS USA, LLC
305 COLUMBIA TURNPIKE
FLORHAM PARK, NJ 07932
(775) 972-4368

WES-COR INC
699 FRONTIER WAY
BENSENVILLE, IL 60106
(630) 969-8885

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: )
) Case No. 17-05206
ANDERSON SHUMAKER COMPANY, ) Chapter 11
) Judge Cassling
debtor/debtor-in-possession. )

**MOTION FOR AUTHORITY TO USE CASH
COLLATERAL AND FOR RELATED RELIEF**

ANDERSON SCHUMAKER COMPANY, an Illinois corporation, debtor/debtor-in-possession ("Debtor"), by and through its attorneys, makes its Motion pursuant to Section 363 of the Bankruptcy Code, Rule 4001(b) of the Federal Rules of Bankruptcy Procedure and Rule 4001-2 of the Local Rules of this Court for Authority to Use Cash Collateral and for related relief, and in support thereof, states as follows:

**Introduction**

1. On February 23, 2017, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Petition Date").

2. The Debtor has been operating its business and managing its financial affairs as debtor-in-possession since the Petition Date. No trustee, examiner or committee of unsecured creditors has been appointed to serve in this reorganization case.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334.

4. This matter constitutes a "core" proceeding within the meaning of 28 U.S.C. Section 157(b)(2)(A), (M) and (O).

-1-

5. The statutory predicates for the relief requested in this Motion are Section 363 of the Bankruptcy Code, Rule 4001(b) of the Federal Rules of Bankruptcy Procedure and Rule 4001-2 of the Local Rules of this Court.

6. By this Motion, the Debtor requests that this Court authorize it to use certain cash and cash equivalents that allegedly serve as collateral for claims asserted against the Debtor and its property by Associated Bank ("Associated") and Forest Park Bank ("Forest Park").

**Relevant Factual Background**

7. The Debtor is an Illinois corporation that provides open die forgings and custom forgings in various shapes and finishes using stainless steel, aluminum, carbon steel and various grades of alloy steel. The Debtor is located at 824 S. Central, Chicago, Illinois 60641 (the "Business Premises"). The Debtor owns the Business Premises.

8. The Debtor employs forty three (43) people, including thirteen (13) salaried workers and thirty (30) non-union workers.

9. Associated and Forest Park assert security interests in cash and cash equivalents, including the Debtor's cash and accounts receivable, among other collateral (the "Collateral").

10. The Debtor, at the Petition Date, showed cash of $31,752.00 accounts receivable of approximately $2.1 million, machinery and equipment valued at approximately $4 million, and inventory valued at approximately $2.4 million. In addition, Associated asserts a security interest purportedly attaching to the Business Premises.

**Use of Cash Collateral**

11. In order for the Debtor to continue to operate its business, manage its financial affairs, and effectuate an effective reorganization, it is essential that the Debtor be authorized to use cash collateral for, among other things, the following purposes:

A) Payroll;

B) Insurance;

C) Utilities;

D) Purchase of Inventory; and

E) Other miscellaneous items needed in the ordinary course of business.

Attached to this Motion as **Exhibit A** are the Debtor's monthly cash flow projections for the period February 23, 2017, through April 7, 2017 (the "Budget"). The Budget itemizes the Debtor's cash needs during the relevant period.

12. Use of cash collateral to pay the actual, necessary and ordinary expenses to maintain the Debtor's business, as set forth in the Budget, will preserve the value of the Debtor's assets and business and thereby ensure that the interests of creditors that have or may assert an interest in both cash collateral and the Debtor's other assets are adequately protected within the meaning of Sections 361, 362 and 363 of the Bankruptcy Code.

13. The Debtor proposes, subject to the approval of this Court, to use cash collateral in which Associated and Forest Park assert an interest. The Debtor's proposal will permit the Debtor to sustain its business operations and reorganize its financial affairs through the implementation of a successful plan of reorganization. Furthermore, the

Debtor's proposal will adequately protect the purported secured interests of Associated and Forest Park.

14. Unless the Debtor is authorized to use cash collateral in which Associated and Forest Park assert an interest, the Debtor will be unable to continue to operate its business and manage its financial affairs, thereby eliminating any reasonable prospect for a successful reorganization. The cessation of normal business operations by the Debtor will cause irreparable harm to the Debtor, its creditors and this estate.

15. The Debtor proposes to use cash collateral and provide adequate protection to Associated and Forest Park upon the following terms and conditions:[1]

> A. The Debtor will permit Associated and Forest Park to inspect, upon reasonable notice, within reasonable hours, the Debtor's books and records;
>
> B. The Debtor shall maintain and pay premiums for insurance to cover all of its assets from fire, theft and water damage;
>
> C. The Debtor shall, upon reasonable request, make available to Associated and Forest Park evidence of that which purportedly constitutes their collateral or proceeds;
>
> D. The Debtor will properly maintain the collateral and properly manage the collateral; and
>
> E. The Debtor will grant a replacement lien to Associated and Forest Park to the extent of their pre-petition liens, and attaching to the same assets of the Debtor in which Associated and Forest Park asserted pre-petition liens.

16. Further cash flow budgets, if necessary, will be submitted to this Court pursuant to this Motion. The Debtor will make the expenditures set forth on Exhibit A to

---

[1] Based upon the Debtor's proposal for the use of cash collateral, none of the disclosures required under Rule 4001-2 of the Local Rules of the Court are necessary.

this Motion, plus no more than 10% of the total proposed expense payments, unless otherwise agreed to by Associated and Forest Park or upon further Order of this Court.

**Conclusion**

17.    The Debtor requests, pursuant to Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure, that this Court conduct a preliminary hearing to authorize the Debtor's interim use of cash collateral pending a final hearing on this Motion.

18.    The Debtor believes that it is in the best interests of the Debtor, its creditors, and this estate to authorize it to use that portion of its assets herein requested, all or a portion of which may constitute cash collateral, in that, without the limited use of those assets as herein requested, the Debtor will be unable to pay and satisfy its current operating expenses, thereby resulting in immediate and irreparable harm and loss to the estate.

19.    For the reasons set forth herein, this Court should grant the relief requested in this Motion.

WHEREFORE, ANDERSON SCHUMAKER COMPANY, an Illinois corporation, debtor/debtor-in-possession herein, prays for the entry of an Order as follows:

A.    Authorizing the Debtor to use cash collateral in which Associated and Forest Park assert liens, upon the terms and conditions set forth in this Motion, until further Order of this Court;

B.    Preliminarily authorizing the Debtor to use cash collateral pending a final hearing on this Motion;

C.    Setting a final hearing on this Motion; and

    D.    Granting such other relief as this Court deems just and appropriate

ANDERSON SHUMAKER COMPANY, an Illinois corporation,
debtor/debtor-in-possession

By: /s/Scott R. Clar
One of its Attorneys

**DEBTOR'S COUNSEL**:
Scott R. Clar
(Atty. No. 06183741)
Brian P. Welch
(Atty. No. 6307292)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
(312) 641-6777
C:\Documents and Settings\Station3\Desktop\Temporary Documents\MJO2\Anderson Shumaker - Cash collateral.mot and NOM.wpd

-6-