UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---------------------------------------------------------------x
                :
In re                            :          Chapter 11
                 :
ANDERSON SHUMAKER COMPANY,         :         Case No. 17-05206
                 :
              Debtor.         :         Judge Cassling
                 :
---------------------------------------------------------------x

**LIMITED OBJECTION OF ELLWOOD QUALITY STEELS COMPANY
AND ELLWOOD NATIONAL STEEL COMPANY TO THE
DEBTOR'S FIRST AMENDED PLAN OF LIQUIDATION**
_____

      Ellwood Quality Steels Company ("EQS") and Ellwood National Steel Company ("ENS" and together with EQS, collectively "Ellwood") files this Limited Objection ("Objection") to Confirmation of Anderson Shumaker Company's ("Debtor") First Amended Plan of Liquidation:

      1.     On February 23, 2017 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. See, Document No. 1.

      2.     On May 19, 2017, Ellwood filed a Motion for Allowance and Payment of Reclamation Claim Pursuant to 11 U.S.C. §§ 507(a)(2), 546(c)(1) and 503(b)(9) (the "Motion") seeking allowance and immediate payment of an administrative expense claim in the amount of $178,640.00 on May 19, 2017.  See, Document No. 69.

      3.     Ellwood, the Debtor and the Committee resolved the Motion pursuant to that certain Stipulation and Agreed Order for Allowance of Administrative Expense Claim of Ellwood which was approved by this Court on August 28, 2017 ("Agreed Order").  See, Document No. 118.

{File: 01573512.DOC / }

1

4. The Agreed Order provides, in relevant part, that:

> Ellwood shall be entitled to an allowed Chapter 11 administrative expense claim under 11 U.S.C. § 503(b)(9) for all goods consumed by the Debtor and delivered by Ellwood to the Debtor from February 3, 2017 through February 22, 2017 in the amount of $77,052.80 ("Ellwood's Administrative Claim") which shall be apportioned follows: $60,652.80 on account of good delivered by ENS to the Debtor; and $16,400.00 on account of goods delivered by EQS to the Debtor.
>
> Payment of Ellwood's Administrative Claim shall be made on the Effective Date of the Debtor's Chapter 11 Plan.  Ellwood reserves the right to seek payment of this claim at an earlier date. Nothing in this Stipulation and Agreed Order shall be a waiver of any rights of Ellwood to object to confirmation of the Debtor's chapter 11 plan on any basis.

5. The Debtor filed its First Amended Plan of Liquidation ("Plan") on March 2, 2018.  See, Document No. 195.

6. The Debtor filed its First Amended Disclosure Statement on March 2, 2018 ("Disclosure Statement"). See, Document No. 196.

7. The Disclosure Statement provides as follows with respect to Ellwood's Administrative Claim:

> The Administrative Claims under Sections 503(b)(9) and 546(c) of the Bankruptcy Code of Ellwood Quality Steel ("EQS") and Ellwood National Steel Company ENS") in the amount of $77,052.80 will also be paid after a sale of the Debtor's assets, out of the Carve Out. See, Disclosure Statement, pp. 7-8.

8. The Plan defines the Carve Out as "the unpaid fees of the Office of the United States Trustee, and the aggregate allowed unpaid fees and expenses payable under Sections 330 and 331 of the Bankruptcy Code to professional persons, retained pursuant to Court Order, all other allowed Administrative Claims, and the General Unsecured Claim Fund; provided, however, in no event shall the General Unsecured Claim Fund be used for any purpose other than the payment of Holders of allowed Class 5 Claims". See, Plan, pp. 3-4, ¶ 1.11.

9. The Disclosure Statement provides that Ellwood's Administrative Claim will be paid from the Carve Out but provides no information as to the timing of the payment other than to say that payment will occur after the sale.

10. The Plan provides, in relevant part, the following treatment with respect to Administrative Expense Claims, other than Professionals:

> "Except to the extent that any person or entity entitled to payment of any Allowed Administrative Expense Claim has been paid by the Debtor prior to the Effective Date or agrees to a different treatment, *each holder of an Allowed Administrative Expense Claim that is not a Professional Fee Claim shall receive Cash in an amount equal to such Allowed Administrative Expense Claim on the Effective Date* or if it is allowed later, within thirty (30) days after the Claim becomes an Allowed Administrative Expense Claim …". See, Plan, p. 13, ¶ 3.2.1.1.

11. The Plan defines the Effective Date as "that date upon which the Sale closes; provided, however, that the Sale shall not close until after the Confirmation Order becomes a Final Order". See, Plan, p. 6, ¶ 1.29.

12. The Plan also identifies Ellwood's Administrative Claim as an "Administrative Claims for Reclamation by vendors under Section 503(b)(9) of the Bankruptcy Code ("Reclamation Claims")" and provides that "the sole Reclamation Claim against the Debtor is held by Ellwood Quality Steels ("EQS") and Ellwood National Steel Company ("ENS"), in the aggregate amount of $77,052.90, pursuant to the Stipulation and Agreed Order for Allowance of Administrative Expenses Claim of EQS and ENS entered by this Court on August 28, 2017". See, Plan, p. 15, ¶ 3.2.1.3.

## LIMITED OBJECTION TO THE PLAN

13. The Agreed Order clearly and explicitly provides that Ellwood's Administrative Claim shall be paid on the Effective Date of the Debtor's Plan.

14. The Disclosure Statement provides that Ellwood's Administrative Claim shall not be paid on the Effective Date of the Plan but rather it will be paid at some uncertain point in time after the Effective Date from the Carve Out.

15. The Plan provides that Allowed Administrative Expense Claims, such as Ellwood's Administrative Claim which has been allowed pursuant to the Agreed the Order, shall be paid on the Effective Date.

16. However, the subsequent reference and definition of Ellwood's Administrative Claim in the Plan as a "Reclamation Claim" and the conflicting language in the Disclosure Statement makes the Plan ambiguous as to the timing of the payment of the Ellwood Administrative Claim.

17. Ellwood objects to the Plan to the extent that it attempts to violate the terms of the Agreed Order which mandates that Ellwood's Administrative Claim/Reclamation Claim shall be paid on the Effective Date.

18. Accordingly, Ellwood requests that the Order confirming the Plan provide that the Ellwood Administrative Claim/Reclamation Claim be paid on the Effective Date of the Plan.

WHEREFORE, Ellwood, respectfully requests that this Court enter an Order in the form attached hereto providing that Ellwood's Administrative Claim/Reclamation Claim shall be paid in the Effective Date of the Plan and such additional relief as it may be entitled to under the facts and the applicable law.

Dated: May 1, 2018

Respectfully submitted,

/s/ Fred L. Alvarez
WALKER WILCOX MATOUSEK LLP
Fred L. Alvarez
One North Franklin Street
Suite 3200
Chicago, IL 60606
Telephone: (312) 244-6748
Facsimile: (312) 244-6800
Email: falavez@wwmlawyers.com

*Counsel to Ellwood Quality Steels Company and Ellwood National Steel Company*